J-S33040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLEY ORTIZ | |
| Appellant | No. 2518 EDA 2014 |

Appeal from the Judgment of Sentence April 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010986-2010

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 07, 2015**

Willey Ortiz appeals from his judgment of sentence imposed in the Court of Common Pleas of Philadelphia County after a jury found him guilty of third degree murder.[1]  Upon careful review, we affirm.

The trial court has set forth the facts of this matter as follows:

In 2009, continuing into early 2012, [Ortiz] was a drug dealer near the corner of Waterloo Street and Gurney Street in Philadelphia.  [Ortiz] was an associate of Jose Mena.  In early 2009, Kenneth Rolon worked for [Ortiz] and Mena, selling drugs on the street.  While working with [Ortiz] and Mena, Rolon was arrested for drug distribution and spent several months in jail without bail being posted.  Upon Rolon's release, Rolon began working for a different drug dealer, Jonathan Morales.  At this time, Angel Feliciano was also working for [Ortiz].  Early in January 2010, Rolon and Feliciano became embroiled in a

---

[1] 18 Pa.C.S. § 2502(c).

dispute, whereupon Rolon decided to take "all [the drug selling] work" on the corner.

On January 22, 2010, at approximately 3:45 p.m., [Ortiz] was driving his black Chevy Cavalier down Cambria Street with Feliciano in the back seat. [Ortiz] spotted Rolon on the corner of Cambria Street and Howard Street, near the Sanchez Grocery located on that corner, and motioned Rolon to come over to the car. Jose Aponte was present with Rolon at this time. When Rolon did not go toward the car, [Ortiz] reversed and pulled close to Rolon, asking, "You not still mad about that fight, right?" Rolon then walked over to the car and leaned in toward [Ortiz]. At that time, Feliciano, still sitting in the back seat, shot Rolon once in the chest with a .25 caliber firearm. Surveillance cameras from Sanchez Grocery captured the shooting on video. Virgilio Sanchez witnessed the shooting from across the street. After the shooting, [Ortiz] and Feliciano fled the scene in [Ortiz]'s car.

Rolon fled inside Sanchez Grocery, where he collapsed. Police and paramedics were called and arrived on the scene shortly thereafter, transporting Rolon to Temple Hospital where he was pronounced dead. Officers recovered a single .25 caliber fired cartridge case on Cambria Street. [Ortiz]'s vehicle was recovered two days later, on January 24, 2010, at [Ortiz]'s grandmother's house on the 3900 block of N. Marshall St. Police were unable to locate [Ortiz] for several days following the shooting. [Ortiz] was subsequently found on February 22, 2010 in Woodbury, New Jersey, entering an apartment to flee and ultimately hid in a closet in the apartment, where he was arrested.

Trial Court Opinion, 11/26/14, at 2-3.

On February 7, 2014, at the conclusion of a four-day trial, a jury convicted Ortiz of third degree murder. On April 4, 2014, the court sentenced him to 20 to 40 years' incarceration. Ortiz filed a post-sentence motion challenging the sufficiency and weight of the evidence supporting his conviction. On August 1, 2014, the trial court denied the post-sentence motion, and on August 28, 2014, Ortiz filed a timely notice of appeal.

- 2 -

On appeal, Ortiz challenges the sufficiency of the evidence and the weight of the evidence.

With respect to Ortiz's first claim:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

With respect to third degree murder, our Supreme Court has stated:

To convict a defendant of the offense of third degree murder, the Commonwealth need only prove that the defendant killed another person with malice aforethought. This Court has long held that malice comprehends not only a particular ill-will, but . . . [also a] wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty[.]

*Commonwealth v. Fisher*, 80 A.3d 1186, 1191 (Pa. 2013) (citation and quotation omitted).

Ortiz claims the evidence was insufficient to prove beyond a reasonable doubt that he knew or had reason to know that Feliciano had a murderous intent or that Ortiz was an accomplice or co-conspirator to the murder. However, "[a]ccomplice liability does not create a new or separate

- 3 -

crime; it merely provides a basis of liability for a crime committed by another person." ***Commonwealth v. Gross***, 101 A.3d 28, 35 (Pa. 2014).

Here, the trial court concluded that the Commonwealth presented sufficient evidence to support Ortiz's conviction of third degree murder under accomplice liability theory. The Commonwealth presented numerous eyewitnesses who testified that Ortiz drove toward the victim standing on the corner, called the victim over to the vehicle, reversed to pull the car closer to the victim, and sped off after a passenger in his car shot the victim. N.T. Trial, 2/4/14, at 150, 198, 264-65; N.T. Trial, 2/5/14, at 80-82, 95-96. Ortiz also had a motive for aiding in the murder because he and the shooter were in a dispute with the victim over drug territory. N.T. Trial, 2/5/14, at 136, 180. Finally, Ortiz fled the scene of the crime and was found a month later in another state, where he fled from the police before his ultimate arrest, all of which is compelling evidence to prove guilt. ***Id.*** at 210-12; ***see Commonwealth v. Thompson***, 739 A.2d 1023 (Pa. 1999) (evidence of flight shows consciousness of guilt). We agree with the trial court that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to sustain the verdict. ***Lynch***, ***supra***.

Next, Ortiz argues that the weight of the evidence does not support his guilty verdict for third degree murder and therefore, the trial court abused its discretion in denying his post-sentence motion for a new trial.

Our standard of review of a weight of the evidence claim is as follows:

Appellate review . . . is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055-56 (Pa. 2013) (citations omitted).

To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposed the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury." Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Commonwealth v. Brown*, 648 A.2d 1177, 1189-90 (Pa. 1994) (quoting *Thompson v. Philadelphia*, 493 A.2d 669, 672 (Pa. 1985)).

Here, in support of his weight of the evidence claim, Ortiz suggests that some of the witnesses who testified at trial were unreliable because they "had drug problems, were engaged in the business of selling drugs or were serving time for drug crimes or other offenses." Appellant's Brief, at 28. However, the factfinder is "free to believe all, part or none of the evidence and determine the credibility of witnesses." *Commonwealth v. Dreibelbis*, 426 A.2d 1111, 1113 (Pa. 1981). In addition, the trial court found that the evidence presented "fully supported" the verdict. Trial Court

Opinion, 11/26/14, at 7.   Upon review of the record, we can discern no abuse of discretion on the part of the trial court in so finding.

After careful review of the certified record, as well as the briefs of the parties and the applicable law, we conclude that Ortiz is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015